IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


**AIMEE MARIE JENKINS-GRIFFIN, Administrator of the Estate of
CHRISTOPHER GEORGE GRIFFIN, deceased,**
      **Plaintiff,**

                                           Civil Action No. 2:24-cv-600

**v.**

**3M COMPANY;**
**E. I. DU PONT DE NEMOURS & CO. a/k/a EIDP, Inc.;**
**THE CHEMOURS COMPANY L.L.C.;**
**ARCHROMA U.S., INC.;**
**ARKEMA, INC.;**
**AGC CHEMICALS AMERICAS, INC.;**
**DAIKIN AMERICA, INC.;**
**JOHNSON CONTROLS, INC.;**
**TYCO FIRE PRODUCTS;**
**L.P., CARRIER GLOBAL CORPORATION;**
**KIDDE-FENWAL, INC.;**
**FIRE SERVICE PLUS, INC.;**
**MINE SAFETY APPLIANCE COMPANY LLC;**
**MSA SAFETY SALES, LLC;**
**GLOBE MANUFACTURING COMPANY LLC;**
**LION GROUP, INC.;**
**W. L. GORE & ASSOCIATES, INC.;**
**TEN CATE PROTECTIVE FABRICS USA d/b/a SOUTHERN MILLS INC.;**
**PBI PERFORMANCE PRODUCTS, INC.;**
**HONEYWELL INTERNATIONAL, INC.;**
**HONEYWELL SAFETY PRODUCTS USA, INC.;**
**STEDFAST USA, INC.;**
**MALLORY SAFETY AND SUPPLY LLC;**
**MUNICIPAL EMERGENCY SERVICES INC.; and**
**BRADSDEN SOLUTIONS, INC.,**

      **Defendants.**

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
AND BRIEF IN SUPPORT**

COMES NOW Plaintiff, Aimee Marie Jenkins-Griffin, Administrator of the Estate of Christopher George Griffin, deceased, who moves this Honorable Court for leave to amend her Complaint,[1] to clarify and streamline the Complaint, causes of action, named defendants, and claims against the defendants.

**LEGAL ANALYSIS**

Pursuant to Federal Rule 15, a plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading.  Once the defendant files a responsive pleading, however, Rule 15(a)(2) only permits a plaintiff to amend her complaint with leave of court, which should be "freely" given "when justice so requires."  Rule 15(a) provides a generous mandate in favor of permitting parties to amend pleadings in light of "this Circuit's policy to liberally allow amendment." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010).  This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citing Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting 5A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed. 1990))).

---

[1]    See **Exhibit A** (redline First Amended Complaint); **Exhibit B** (clean First Amended Complaint).

However, a district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).

The Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Whether an amendment is prejudicial is, often, determined by the nature of the amendment and its timing. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006).

An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. Id. (citing Davis v. Piper Aircraft Co., 615 F. 2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.")). Delay alone is an insufficient reason to deny the plaintiff's motion to amend. See Davis, 615 F.2d at 613. For this reason, a district court should not even deny such a motion simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits. See, e.g., Foman, 371 U.S. at 182 (reversing district court's denial of motion to amend made after the district court entered judgment of dismissal); 6 Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1488 (2d ed. 1990) (collecting

cases); Ostrzenski, 177 F.3d at 252-53 (4th Cir. 1999) (noting that district court should not dismiss a complaint with prejudice under Fed. R. Civ. P. 12(b)(6) without first giving the plaintiff leave to amend).

Presently, Plaintiff's Complaint alleges negligence and breach of warranties against all Defendants for injuries Plaintiff sustained due to his exposure to PFAS-containing firefighter turnout gear.[2]  Plaintiff's *Amended* Complaint does not alter these theories of liability, add new theories of liability, or add new facts.  Instead, Plaintiff's Amended Complaint is intended to streamline and clarify an issue exposed by Defendants' multiple attempts to transfer Plaintiff's matter to a Multidistrict Litigation matter pending in the District Court for South Carolina—the issue being, which class of PFAS chemicals does Plaintiff's Complaint alleged caused Plaintiff's injuries.

Currently, before the District Court for South Carolina, is the matter of IN RE: Aqueous Film-Forming Foams Products Liability Litigation (MDL No. 2873) (hereinafter, the "Foam MDL").  After removal of Plaintiff's matter from the Norfolk Circuit Court to this Court, Defendant Globe Manufacturing Company LLC ("Globe") petitioned the United States Judicial Panel on Multidistrict Litigation ("JPML") to join Plaintiff's matter with the Foam MDL.[3]  The Foam MDL is based on injuries the plaintiffs sustained from a very specific PFAS chemical, Class B firefighting foam.[4]  Of note, there are over 5,000 different PFAS chemicals, only one of which being the chemical found in Class B firefighting foam.[5]  The JPML Clerk denied Defendant's

---

[2]      Dkt. 1-1 ¶2.

[3]      Dkt. 1 ¶6.

[4]      Dkt. 1 ¶7n.3.

[5]      Dkt. 1-1 ¶48.

request to join Plaintiff's matter with the Foam MDL, finding it "not appropriate for inclusion in this MDL."[6] Now, Defendant 3M has moved the JPML to transfer Plaintiff's matter to the Foam MDL.[7]

Here, however, Plaintiff's causes of action are not based on Class B firefighting foam but are, rather, based on the PFAS-containing *turnout gear*, which is protective clothing specifically designed for firefighters, and which does not contain the Class B firefighting foam PFAS chemicals that are the basis of the Foam MDL.[8] Plaintiff's Complaint, however, makes *seven references* to the Class B firefighting foam, which serve as the basis for Defendants' attempts to have Plaintiff's matter transferred to the MDL.[9]

Therefore, for clarity and to streamline litigation, Plaintiff asks this Honorable Court to grant her leave to file her First Amended Complaint, which removes the needless reference to the Class B firefighter foam and removes those defendants whose products contain such Class B firefighter foam. Removing these references and defendants will streamline and clarify this litigation for all parties and this Court. Amendment at this time is in good faith, not futile, and would not prejudice any defendant—of the 25 defendants, only one, Bradsden Solutions, Inc., has filed an answer, and none have filed any other responsive pleadings; the parties have not taken part in either the Rule 16(b) or 26(f) conferences; the parties have yet to confer over a discovery plan; discovery has yet to being; and a scheduling order has yet to be entered. Plaintiff has conferred

---

[6]    Dkt. 17-8.

[7]    Foam MDL (Case MDL No. 2873) Dkt. 2964 (Defendant 3M Company's Motion to Transfer).

[8]    Dkt. 1-1 ¶2.

[9]    See Dkt. 1-1 ¶¶69(g), 88(b), 88(d), 88(d) n.54, 173, 178, 182.

with Defendants regarding her Amended Complaint, and Defendants have advised that they "take no position."

WHEREFORE, for the foregoing reasons, to clarify and streamline Plaintiff's Complaint, causes of action, named defendants, and claims against the defendants, Plaintiff asks that this Honorable Court grant Plaintiff's Motion for Leave to Amend her Complaint.

Respectfully yours,
**AIMEE MARIE JENKINS-GRIFFIN,**
**Administrator of the Estate of**
**CHRISTOPHER GRIFFIN, deceased,**
**Plaintiff**

Dated: November 20, 2024

/s/ Kevin Biniazan
Kevin Biniazan | VSB No. 92109
Jeffrey A. Breit | VSB No. 18876
Lauren Martin | VSB No. 93653
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA  23451
Telephone | 757.622.6000
Facsimile | 757.299.8028
Email | kevin@bbtrial.com
Email | jeffrey@bbtrial.com
Email | lmartin@bbtrial.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of electronic filing (NEF) to counsel of record.

<div style="margin-left:50%;">

s/ Kevin Biniazan
Kevin Biniazan | VSB No. 92109
BREIT BINIAZAN, PC
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, VA  23451
Telephone | 757.622.6000
Facsimile | 757.299.8028
Email | kevin@bbtrial.com

*Counsel for Plaintiff*

</div>