# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AQUEOUS FILM-FORMING FOAMS
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2873

## ORDER DENYING TRANSFER

**Before the Panel**:*  Defendant 3M Company moves under 28 U.S.C. § 1407(c) to transfer the three actions listed on Schedule A to the District of South Carolina for inclusion in MDL No. 2873.  Numerous co-defendants in the Eastern District of Virginia *Jenkins-Griffin* action support the motion to transfer that action to the MDL.[1]  Plaintiffs in each action oppose transfer.

We turn first to 3M's motions to transfer two Alabama actions: *Town of Pine Hill* and *City of Irondale*.  MDL No. 2873 involves allegations that aqueous film-forming foams (AFFFs) used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release of perfluorooctane sulfonate (PFOS) and/or perfluorooctanoic acid (PFOA; collectively, these and other per- or polyfluoroalkyl substances are referred to as PFAS) into local groundwater and contaminated drinking water supplies.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018).   The *Town of Pine Hill* and *City of Irondale* actions are brought by public water providers, who allege that their water supplies were contaminated by PFAS discharged from local industries, such as papers mills and chemical plants.  On their face, neither action involves allegations pertaining to the manufacture, use, or disposal of AFFFs.  Indeed, plaintiffs explicitly exclude such claims from their complaints.

In support of transfer, 3M argues that it is plausible the contamination alleged in each action stems, at least in part, from the use of AFFF at nearby military airfields and, therefore, these actions will share common questions and discovery with the MDL AFFF actions.  With respect to the Town of Pine Hill, 3M argues that Maxwell Air Force Base is located near one of the paper mills

---

* Judges Matthew F. Kennelly and David C. Norton did not participate in the decision of this matter.

[1] AGC Chemicals Americas, Inc.; Archroma U.S., Inc.; Arkema Inc.; E.I. du Pont de Nemours and Company (now known as "EIDP, Inc."); The Chemours Company; Globe Manufacturing Company, LLC; Fire Service Plus, Inc.; Honeywell International Inc.; Honeywell Safety Products USA, Inc.; Municipal Emergency Services, Inc.; Lion Group, Inc.; MSA Safety Sales, LLC; Mine Safety Appliances Company LLC; Mallory Safety and Supply, LLC; PBI Performance Products, Inc.; Stedfast USA, Inc.; Southern Mills Inc. d/b/a Tencate Protective Fabrics; Tyco Fire Products LP; and W. L. Gore & Associates, Inc.

PLAINTIFF'S EXHIBIT

A

- 2 -

identified in the complaint and that an environmental inspection report identified multiple AFFF discharges on the base as a source of PFAS in the base's groundwater.  With respect to the City of Irondale, 3M argues that Birmingham Air National Guard Base is located within the same groundwater province from which plaintiff draws its drinking water and, therefore, PFAS contamination stemming from use of AFFF at the base could have migrated to plaintiff's water supplies.

3M further argues that each action overlaps with at least one action pending in the MDL brought by a nearby municipality.  Specifically, 3M contends that *Town of Pine Hill* will overlap with an AFFF action brought by the City of Montgomery that identifies Maxwell Air Force Base as a source of contamination, while *City of Irondale* will overlap with an action brought by the City of Birmingham that identifies Birmingham Air National Guard Base as a source of contamination.

When we centralized this docket, we denied a motion by 3M to define the scope of the MDL to encompass not just cases involving AFFFs, but all cases relating to 3M's manufacture, management, disposal, and sale of PFAS.  *See id.* at 1396.  We drew this line between "AFFF" and "non-AFFF" cases because of our concerns for the manageability of this litigation:

> While a non-AFFF MDL would allow for common discovery and motion practice with respect to 3M—the main producer of PFOA and PFOS—it also would include far more site-specific issues, different modes of PFAS contamination, and different PFAS chemicals (whereas the AFFF actions are limited to PFOA and PFOS contamination).  Such an MDL could quickly become unwieldy.

*Id.*  Since then, we have endeavored to maintain this distinction.  *See, e.g.*, Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Dec. 18, 2019), ECF No. 541 ("Given our continued concern about the manageability of this litigation, a party seeking transfer of an action that does not on its face raise AFFF claims bears a significant burden to persuade us that transfer is appropriate and will not undermine the efficient progress of the AFFF MDL.").

3M has not satisfied its significant burden here.  As we have stated on numerous occasions in this docket, "evidence of the mere *potential* for commingling [of PFAS contamination from AFFF and non-AFFF sites] is insufficient to warrant transfer of an otherwise non-AFFF complaint."  Order Denying Transfer at 3, MDL No. 2873 (J.P.M.L. Oct. 4, 2023), ECF No. 2129 (emphasis in original).  At most, 3M shows only that it is "plausible" that PFAS contamination stemming from AFFF use at these military airfields (which are not identified in the complaints) may have contributed to the plaintiffs' alleged injuries.  *Cf.* Order Denying Transfer at 2 & n.3, MDL No. 2873 (J.P.M.L. Mar. 27, 2020), ECF No. 620 (rejecting argument that contamination of "some portion" of an aquifer system "necessarily means that any contamination" within that aquifer system stems from AFFF use or disposal as speculative).

Similarly, 3M has not demonstrated that any of the MDL actions will overlap with *Town of Pine Hill* or *City of Irondale*, only that such a possibility may exist.  *Cf.* Transfer Order at 1, MDL No. 2873 (J.P.M.L. Jan. 31, 2024), ECF No. 2286 (transferring ostensibly non-AFFF action where plaintiffs alleged they had been exposed to PFAS-contaminated water in various

- 3 -

municipalities that had filed lawsuits alleging their water supplies were contaminated through use or disposal of AFFF).  Absent a clear overlap between the sites at issue in *Town of Pine Hill* and *City of Irondale* and the MDL actions, transfer of actions that are "overwhelmingly focused" on non-AFFF industrial concerns such as paper mills and chemical plants is not warranted.  Order Denying Transfer at 2, MDL No. 2873 (J.P.M.L. Aug. 3, 2023), ECF No. 1510 (denying transfer of an action relating to a 3M plant on the Mississippi River and rejecting argument that AFFF use at a nearby military facility could have contributed to the alleged PFAS contamination).

3M also suggests that the issues raised in plaintiffs' pending remand motions will overlap with remand motions that have been or will be considered by the transferee court.  The jurisdictional questions that 3M identifies—*e.g.*, whether plaintiffs' disclaimers of AFFF liability preclude federal officer jurisdiction—are largely (though not entirely) questions of law.  Common legal issues alone are insufficient to justify transfer under Section 1407.  *See, e.g.*, *In re Teamster Car Hauler Prods. Liab. Litig.*, 856 F. Supp. 2d 1343, 1343 (J.P.M.L. 2012) ("Section 1407 does not, as a general rule, empower the Panel to transfer only common legal issues.").  In any event, the commonality of plaintiffs' remand motions to those pending before the transferee court, standing alone, does not warrant transfer of non-AFFF actions.

Like the Alabama actions, the complaint in *Jenkins-Griffin* on its face does not involve AFFFs.  Plaintiff alleges that the decedent was a firefighter who used personal protection equipment and turnout gear (TOG) manufactured, designed, or sold by the defendants.  Although the complaint contains a few passing references to "Class B foam" in one count, plaintiff's claims are exclusively directed to TOG.

3M argues that transfer is warranted because *Jenkins-Griffin* will involve AFFF questions, both because of the references to foam in the complaint and because the decedent, as a firefighter, presumably was exposed to AFFF in the course of his employment.  This argument is not persuasive.  Plaintiff never attributes causation for decedent's injuries to AFFF, and plaintiff has moved to amend her complaint to remove any reference to foam and to clarify that her claims pertain exclusively to PFAS-containing TOG.

3M also argues that the Panel previously transferred direct exposure AFFF actions by firefighters to the MDL and that these cases involved TOG claims.  3M contends that *Jenkins-Griffin* will share common factual questions with the more than one thousand actions in the MDL in which firefighters allege injury from PFAS-containing TOG.  We rejected these same arguments, however, at our last hearing when we denied transfer of action asserting exclusively TOG claims.  *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2024 WL 5116347, at *2 (J.P.M.L. Dec. 12, 2024) ("The mere fact that some actions in this MDL assert non-AFFF claims in addition to those at the core of the MDL does not, standing alone, justify expanding the scope of the litigation to encompass all such non-AFFF claims.").  Transfer of *Jenkins-Griffin* is likewise unwarranted.

After considering the parties' arguments, we find that transfer under 28 U.S.C. § 1407 of the actions listed on Schedule A will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.  This MDL involves allegations that AFFFs used at airports, military bases, or other locations to extinguish liquid fuel fires caused the release

- 4 -

PFOS and/or PFOA into local groundwater and contaminated drinking water supplies. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d at 1394. We subsequently expanded the scope of this litigation to include claims by firefighters alleging direct exposure to AFFF. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2021 WL 755083, at *1–2 (J.P.M.L. Feb. 4, 2021). Transfer of non-AFFF actions, however, remains inappropriate, and 3M has not demonstrated that any AFFF issues in these actions are sufficiently "substantial and concrete," such that transfer to the MDL will enhance efficiency and convenience. Order Vacating CTO at 2–3, MDL No. 2873 (J.P.M.L. Aug. 3, 2022), ECF No. 1511.

IT IS THEREFORE ORDERED that the motions to transfer the actions listed on Schedule A to MDL No. 2873 are denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton              Roger T. Benitez
Dale A. Kimball                  Madeline Cox Arleo

**IN RE: AQUEOUS FILM-FORMING FOAMS**
**PRODUCTS LIABILITY LITIGATION**                                      MDL No. 2873

## SCHEDULE A

Northern District of Alabama

THE CITY OF IRONDALE, ALABAMA v. 3M COMPANY, INC., ET AL.,
     C.A. No. 2:24−01327

Southern District of Alabama

THE TOWN OF PINE HILL, ALABAMA v. 3M COMPANY, ET AL.,
     C.A. No. 2:24−00284

Eastern District of Virginia

JENKINS-GRIFFIN v. 3M COMPANY, ET AL., C.A. No. 2:24−00600