**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

AIMEE MARIE JENKINS-GRIFFIN,
Administrator of the Estate of
CHRISTOPHER GEORGE GRIFFIN,
Deceased,

               Plaintiff,

     v.

3M Company, et al.,

               Defendants.

Civil Action No. 2:24-cv-00600

**DEFENDANT GLOBE MANUFACTURING COMPANY, LLC'S RESPONSE TO
PLAINTIFF'S NOTICE OF RULING IN A RELATED MATTER**

Defendant Globe Manufacturing Company, LLC ("Globe"), by and through its undersigned counsel, respectfully submits this Response to Plaintiff's Notice of Ruling in a Related Matter (ECF No. 70), in which Plaintiff calls the Court's attention to the Opinion & Order remanding *Moretz v. 3M Company, et al.*, No. 2:25-cv-616 (E.D. Va. Mar. 16, 2026) (the "*Moretz* Order"). Globe submits this Response to clarify that, contrary to Plaintiff's assertion, the *Moretz* Order does not address "highly similar issues" and will not "assist in clarifying and informing the decision currenting pending before this Court on Plaintiff Griffin's Motion to Remand." ECF No. 70 at 1. Globe's theory of removal is materially different from the theory of removal in *Moretz*, and satisfies the requirements for federal officer jurisdiction for the reasons stated in Globe's Notice of Removal (ECF No. 1) and Opposition to Remand (ECF No. 46).[1]

---

[1] This Court issued an Order on March 24, 2026 granting plaintiff's motion to remand in *Chiaverotti v. 3M Co., et al.*, Case No. 2:25-cv-232 after considering similar issues on federal officer removal to those raised in Globe's Notice of Removal in this case. *Chiaverotti* Order, ECF No. 54. The Court concluded there that removing defendant was not "acting under" federal authority as required for federal officer jurisdiction when the City of Virginia Beach and Virginia

Plaintiff asserts that "the issues presented, claims sought, and damages requested in *Moretz* are highly similar, if not identical, to the Griffin matter."  While Plaintiffs' factual *allegations* in *Jenkins-Griffin* and *Moretz* may have similarities, Globe's grounds for removal in *Jenkins-Griffin* are distinct from Defendant 3M's grounds for removal in *Moretz*.  In short, Globe removed *Jenkins-Griffin* pursuant to the federal officer removal statute because the decedent's employer, the City of Norfolk, contracted with a Globe distributor to purchase built-to-order Globe turnout gear in conformance with federal specifications and using federal funding.  *See* Globe Notice of Removal, ECF No. 1.  Moreover, the City of Norfolk purchased the turnout gear at issue in fulfillment of its Mutual Aid Agreement with the United States Navy.  *Id.*  As such, Globe believes it acted under federal officers in selling turnout gear designed and manufactured to comply with both federal funding specifications and the City of Norfolk's application of those federal funding requirements, and there is a nexus between Globe's conduct that Plaintiff challenges in this case— specifically, the use of PFAS-containing materials in turnout gear—and the federal authority that required the turnout gear to incorporate PFAS-containing materials.  *See id.*; Globe Opp. to Remand, ECF No. 40.

While Defendant 3M removed *Moretz* also under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), the argument was factually distinct.  3M asserted that removal was proper

---

Beach Fire Department purchased its turnout gear pursuant to federal funding.  Globe acknowledges that the *Chiaverotti* Order is persuasive authority in this case; however, Globe notes that unlike the City of Virginia Beach and Virginia Beach Fire Department, **the City of Norfolk here specifically issued bid requirements to comply with federal funding specifications** and federal regulations.  In doing so, the City of Norfolk **explicitly requested built-to-order turnout gear containing PTFE** from Globe.  *See* ECF No. 1 ¶¶ 32, 67; ECF No. 1-2 at 7; ECF No. 46 at 10.

Globe further submits this response to correct Plaintiff's inaccurate assertions regarding the similarities between *Moretz* and this case.

"because *a possible source* of the plaintiff's PFAS exposure is from aqueous film-forming foam in accordance with the military's rigorous specifications ("MilSpec AFFF"), products that 3M manufactured and sold to the U.S. military, which contain PFAS." *Moretz* Order at 3 (emphasis added). The *Moretz* Court found that 3M did not satisfy the nexus requirement of federal officer removal because it "is not enough" for 3M to "generally contend[] that the plaintiff's injuries *may* be caused as a result of PFAS-exposure from its federal work." *Id.* at 11. "Rather, 3M must allege that at the time of the charged conduct, the manufacture and distribution of PFAS-containing firefighter turnout gear, it was acting under the direction of the federal government." *Id.* That is precisely what Globe alleged in its Notice of Removal, which Globe believes brings it squarely within the requirements of 28 U.S.C. § 1442(a)(1).

Because Globe's removal theory is specific to the transactional chain through which the federal government funded, specified, and directed the purchase of the very turnout gear at issue in this case, Globe respectfully posits that the *Moretz* Order is distinguishable.

Dated: March 25, 2026                    Respectfully submitted,

/s/ Hillary Dang
Hillary Dang (VSB No. 92188)
**ORRICK HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
hdang@orrick.com

James Stengel (admitted *pro hac vice*)
Paige Pavone (admitted *pro hac vice*)
**ORRICK HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
jstengel@orrick.com
ppavone@orrick.com

Lynn K. Brugh, IV
Virginia State Bar No. 36778
Counsel for Defendant
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
lbrugh@williamsmullen.com

George H. Bowles
Virginia State Bar No. 38574
WILLIAMS MULLEN
999 Waterside Drive, Suite 1700
Norfolk, VA 23510-3303
Telephone: (757) 622-3366
Facsimile: (757) 629-0660
gbowles@williamsmullen.com

John A. Irvin
Virginia State Bar No. 97044
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219

4

Telephone: (804) 420-6140
Facsimile: (804) 420-6507
jirvin@williamsmullen.com

*Counsel for Globe Manufacturing Company,
LLC*

**CERTIFICATE OF SERVICE**

I certify that on March 25, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: */s/ Hillary Dang*
Hillary Dang